GLENN SWARTOUT, APPELLANT, v. GROVER COLLINS DRILLING MUD ENGINEERS AND MATERIALS, A CORPORATION, CASEY & MONTGOMERY, INC., A CORPORATION, AND JAMES H. CASEY AND ROBERT B. MONTGOMERY CO., PARTNERSHIP DOING BUSINESS AS "THE AMAZON SUPPLY COMPANY," RESPONDENTS.

No. 4153

May 28, 1959                    339 P.2d 768

*Zenoff and Magleby,* of Las Vegas, for Appellant.

*G. William Coulthard,* of Las Vegas, for Respondents.

## OPINION

By the Court, BADT, J.:

Appellant has appealed from judgment in favor of the respective respondents in varying amounts for supplies, material, and well-drilling services. The only contention raised by appellant is that the evidence discloses that he contracted the obligations as agent for Bonanza Oil Company, a corporation, and not as a principal; that such fact was disclosed by the evidence of respondents themselves and that the court erred in the first instance in denying the motion made by appellant at the conclusion of respondents' case for an order of involuntary dismissal, and, in the second place, in finding that appellant was personally responsible as a principal.

In support of these assignments of error appellants call attention to certain portions of the evidence referring to Bonanza Oil Company, including a proposed form of formal contract drawn by Casey & Montgomery,

Inc. in which Bonanza Oil Company was named as the other contracting party, but which was never executed, to certain billings against Bonanza Oil Company, and to a check signed by Glenn Swartout in the sum of $10,000 payable to Casey & Montgomery Drilling Cont. on the face of which was noted, "Advance for Bonanza." All of these items were explained by respondents to the apparent satisfaction of the court, and the respondents in turn definitely testified to conversations with appellant, whose general purport and effect was that he, Swartout, was the person with whom the respondents were dealing as a principal. Grover Collins testified: "The first time that I saw [Mr. Swartout] was around the first of April when I flew over to find out with whom I was doing business. My conversation was, 'Mr. Swartout, with whom am I doing business here?' and he said: 'Well, basically I am drilling the well, however I expect sometime to be able to promote money, after we get it down, but any relations you have with me will be handled by me personally in regard to payment of any bills.' " When pressed on this point on cross examination, he testified: "[Mr. Swartout] said, 'You are doing business with me, but,' he said, 'I plan to sell some stock and promote after I get this well down to a particular depth.' If he hadn't told me that I most certainly wouldn't have done business with him."

At the conclusion of the trial the court said from the bench: "In this case the court finds Mr. Swartout has contended in court the claims are the obligation of the Bonanza Oil Company; that as an officer of the company, and as an employee also, he was authorized to obligate the company for the amounts of these claims * * *.

"The evidence shows Swartout held himself out as principal to the plaintiffs and that plaintiffs were dealing with him only and not with the company. He is now estopped because of his conduct in this regard from denying the fact that he was acting as principal and would be personally responsible for the obligations. This court could come to no other reasonable conclusion. Nobody is going to deal with a corporation they know nothing about. The fact he might also be acting as agent

for an undisclosed principal, which he in fact was, evidently from his testimony, does not negate his liability. It merely adds undisclosed liability."

This brief decision from the bench was carried out in the formal findings, conclusions, and judgment.

Appellant points to parts of the transcript as evidence of the fact that the respondents were aware of Bonanza Oil Company, appellant's corporation, not only after respondents extended credit but also at times when the credit was extended. We may assume this to be so. We may even assume further, arguendo, that Bonanza Oil Company was a disclosed principal, that it had authorized appellant to act, and that appellant's agency was known to respondents. Such situation would not diminish the legal effect of appellant's express undertaking to pay or his express assertion of his personal responsibility for payment, as a result of which the credit was extended. His liability is predicated not upon his agency but upon his contract obligation. Cumberland Portland Cement Co. v. Reconstruction Finance Corp., 140 F. Supp. 739, affirmed Ralph Rogers & Co. v. R.F.C., 6 Cir., 232 F.2d 930; 3 C.J.S. Agency sec. 215(c).

In Siler v. Perkins, 126 Tenn. 380, 149 S.W. 1060, 1061, 47 L.R.A. (n.s.) 232, the court said:

"* * * '[A]n agent who, acting within the scope of his authority, enters into contractual relations for a disclosed principal, does not bind himself, in the absence of an express agreement to do so,' yet it is also true that whether such an agent does by such a transaction bind himself depends on the intention of the agent and the person dealing with him, and this intention must be gathered from the facts and circumstances of each particular case. And it is the disclosed intention that governs, and not some hidden intention of the agent; and so the agent may become personally liable, although this be contrary to his actual intention, if he has in fact bound himself according to the terms of the contract."

The above principle is recognized by many authorities. See U.S. Shipping Board Merchant Fleet Corp. v. Harwood, 281 U.S. 519, 50 S.Ct. 372, 74 L.Ed. 1011;

Wartman v. Shockley, 154 Pa. Super. 196, 35 A.2d 586; Currie v. Humble Oil & Refining Co., Tex. Civ. App., 16 S.W.2d 867.

Appellant, in his testimony before the trial court, without a jury, categorically denied that he had made the statements attributed to him or that he had at any time stated that he personally or as a principal was incurring the obligations or would be responsible for the bills. It is apparent that the trial court rejected his testimony and accepted that of respondents. With the court's findings resulting from such conflict in the evidence, this court will not interfere.

Affirmed with costs.

MERRILL, C. J., and BOWEN, D. J., concur.

(McNamee, J., being disqualified, the Governor designated Honorable Grant L. Bowen, Judge of the Second Judicial District Court, to act in his place.)