194 So.2d 561

**CARR–WHITE TRUCK CO., Inc.**

v.

**SOUTHERN CONCRETE &
SUPPLY CO., Inc.**

I Div. 316.

Supreme Court of Alabama.

Jan. 26, 1967.

Samuel M. McMillan, Mobile, for appellant.

Howell, Johnston, Langford & Finkbohner, Mobile, for appellee.

HARWOOD, Justice.

In the proceedings below Carr-White Truck Co., Inc., filed a complaint consisting of two counts against Southern Concrete & Supply Co., Inc.

The first count claimed $1,300 due by promissory note, with interest, and $260.00 as a reasonable attorney's fee.

The second count claimed $770.35 due by account.

The defendant filed three pleas of the general issue, two pleas of failure of consideration, asserting that the note was given as part payment on three trucks which were defective; a plea of set-off; and nine pleas of recoupment.

The plaintiff filed demurrers to all of the pleas respectively, which demurrers were overruled by the court.

A jury trial resulted in a verdict reading:

"We, the Jury, find for the defendant under and on his Plea of Recoupment and assess his damages at the sum of $3,100."

Judgment was entered pursuant to the verdict, and plaintiff's motion for a new trial being overruled, an appeal was perfected to this court.

In brief counsel for appellant (plaintiff below) has joined assignments 1 through 12, and has argued these assignments in group. All of these assignments go to the rulings of the court overruling appellant's demurrers to the various pleas filed by the appellee other than the pleas of the general issue. Appellant's argument in support of these assignments is rather short, covering less than two pages, and as characterized by counsel for appellant, is in essence that:

"They" (the pleas) "did not conform to the standards of clarity and exactness

sufficiently to notify plaintiff-appellant of the nature of the alleged defects" (in the trucks).

Assignments 7, 8, and 9, respectively aver error on the part of the court in overruling the demurrers respectively to pleas 4, 5, and 6. These pleas are in code form for deceit in the sale of chattels (Sec. 223, Tit. 7, Form 21, Code of Alabama 1940).

Assignments 10, 11, and 12 aver error respectively in the overruling of demurrers to pleas 7, 8, and 9, respectively. These pleas likewise are in code form for pleas of breach of warranty (Sec. 223, Tit. 7, Form 24, Code of Alabama 1940).

■ No error can be cast upon the court in its rulings on demurrers to the above mentioned pleas. Attalla Oil and Fertilizer Co. v. Goddard, 207 Ala. 287, 92 So. 794.

The remaining grouped assignments pertain to pleas unrelated to the ones above mentioned, and the assignments above discussed being without merit, these remaining assignments will not be considered. N. A. A. C. P. v. State, 274 Ala. 544, 150 So.2d 677.

■ Assignments of error 14 and 15 are argued jointly. They are probably too general to invite review, but even so, they relate to rulings on admission of evidence. The record shows that as to one question to which objection was interposed, the witness' answer was completely equivocal and possessed no probative value. (Assignment 14.) In the second instance the objection was not interposed until after the witness had answered. These assignments, even if considered, possess no merit.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.