233 So.2d 470

**Robert L. TUCKER**

v.

**Hugh FRANKLIN, Jr.**

**6 Div. 615.**

Supreme Court of Alabama.

March 26, 1970

William W. Ross, Birmingham, for appellant.

BLOODWORTH, Justice.

This case was recently reassigned to the writer, after having been assigned to another Justice on original submission.

This is an appeal by plaintiff from a judgment of the trial court granting defendant's motion for a new trial after plaintiff's recovery of judgment against defendant on a count in conversion.

At the conclusion of the trial, the court charged out all counts in the complaint except Count "B", a statutory count in trover, which sought damages for conversion of certain tools and equipment. That count went to the jury, and it returned a verdict for the plaintiff for $105,000. The court entered judgment for that sum and costs.

After a motion for new trial was filed and taken under advisement, the trial court granted the motion without specifying the grounds. Plaintiff moved the court to specify the grounds for granting the motion, and defendant moved to strike this motion. The trial court overruled the defendant's motion to strike, and specified the grounds for granting the motion for new trial to be grounds 3 and 6–11, inclusive.

George S. Brown, Birmingham, for appellee.

In substance, these grounds are that the verdict and judgment were contrary to the

undisputed evidence, and that the court erred in refusing to give the general affirmative charge for the defendant.

Plaintiff says the only question before us is whether the judgment of the trial court granting defendant the new trial should be reversed. Plaintiff is contending that the question before the jury was factual, i. e., whether plaintiff had the right to the immediate possession of the chattels, and since this issue was decided adversely to the defendant, the trial court's action in granting a new trial was error.

Defendant contends that plaintiff failed to prove that he had the title to, or the right to immediate possession of, the chattels alleged to have been converted. After the jury's verdict in plaintiff's favor, he says the trial court realized it should have given the affirmative charge for failure of proof. Therefore, he contends the trial court correctly granted him a new trial.

There seems to be no controversy between the parties as to the rule of law in such cases, namely, that in order to support an action of trover the plaintiff must prove that he has a special or general interest in, or title to, the property and the possession, or the immediate right of possession, of the property at the time of the alleged conversion. Long-Lewis Hardware Co. v. Abston (1938), 235 Ala. 599, 180 So. 261.

In considering whether the trial court erred in granting the new trial because of a failure of such proof, we are mindful of the rules pronounced in our often cited and followed case of Cobb v. Malone (1890), 92 Ala. 630, 635, 636, 9 So. 738, 740 viz:

"When there is no evidence to support the verdict, it is clearly the duty of the court to grant a new trial. No court, possessed of a proper sense of justice, and a due regard for a fair and impartial administration of the law, can afford to allow such a verdict to stand. * * * *And decisions granting new trials will not be reversed, unless the evidence plain-*

*ly and palpably supports the verdict.* * * * *"* [Emphasis supplied]

Time and again, this court has reaffirmed these rules.

In Morgan County v. Hart, 260 Ala. 418, 419, 71 So.2d 278, 279, we said:

"In considering this ground of the motion, the rule stated in Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, was:

"'And decisions granting new trials will not be reversed, *unless the evidence plainly and palpably supports the verdict.*' (Emphasis added)

"The rule, still controlling in the law of Alabama, means that ' "the same presumption must be indulged in favor of granting the motion that would be indulged had the motion been overruled." ' Lindsay Products Corp. v. Alabama Securities Corp., supra [247 Ala. 662, 25 So.2d 852, 853]; W. M. Templeton & Son et al. v. David, supra [233 Ala. 616, 173 So. 231].

"In this case, we must consider the ruling of the trial court as if it had been based upon the ground that the verdict was contrary to the evidence.

"Having carefully considered the evidence, we find ourselves unable to say that it 'plainly and palpably supports the verdict' of the jury."

Again, in Taylor v. Brownell-O'Hear Pontiac Company, (1956) 265 Ala. 468, 470, 91 So.2d 828, we stated the rule, as follows:

"It has long been a rule of law in this jurisdiction that the granting or refusing of a motion for a new trial is a matter resting largely in the discretion of the trial court, and its order granting a new trial will not be disturbed on appeal unless some legal right of the appellant has been abused. There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in

error. German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Lassetter v. King, 33 Ala.App. 204, 31 So.2d 586, certiorari denied 249 Ala. 422, 31 So.2d 588."

Even where there is conflict in the evidence, we have said:

"* * * a presumption will be indulged in favor of the action of the trial court when there is a conflict in the evidence. That is, on appeal in such cases, this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict,' * * *." Reed v. Thompson, 225 Ala. 381, 382, 143 So. 559 (quoted with approval in State v. Smith (1969), 283 Ala. 454, 218 So.2d 266).

The transcript of the evidence in this case runs to 393 pages. The "Statement of the Facts" in appellant-plaintiff's brief (which he inaptly styles "EVIDENCE") is 4 pages in length. Frankly, we entertain grave doubt that such "Statement of the Facts" constitutes a substantial compliance with our Rule 9, Revised Rules of the Supreme Court, 279 Ala. XXI, XXVI, requiring the "Statement of the Facts" to contain "a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely * * *."

Nevertheless, we will pretermit consideration of appellee-defendant's motion to strike the brief and to affirm the case on account of such failure of compliance, in view of the result which we have reached. For, we conclude that the evidence does not plainly and palpably support the verdict. Therefore, we find no reversible error in the trial court's granting the defendant's motion for new trial. The case is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MADDOX and McCALL, JJ., concur.