257 So.2d 340

**Charlie O. SEALY et al.**

**v.**

**James W. McELROY et al.**

**6 Div. 500.**

Supreme Court of Alabama.

Jan. 20, 1972.

Hubbard & Waldrop, and Wade H. Morton, Jr., Tuscaloosa, for appellants.

Henley & Northington, Northport, for appellees.

LAWSON, Justice.

This is an appeal by the defendants below from a judgment of the Circuit Court of Tuscaloosa County entered on a jury verdict returned in favor of the plaintiffs below in the sum of $3,500 and from a judgment of the court overruling the defendants' separate motions for a new trial.

James W. McElroy and wife, Lena, instituted this litigation in the Circuit Court of Tuscaloosa County against Charlie O. Sealy, Lang Ray and Reeves, Inc., a corpo-

ration, to recover damages which they allege they suffered in connection with their purchase of a house and lot located at 15 Cottonwood Park in Tuscaloosa County.

We will refer to the property involved in the litigation as the house and to the plaintiff as the McElroys.

The house was owned by the defendant Reeves, Inc. Charlie O. Sealy was the owner of ninety-nine percent of the stock of Reeves, Inc., and was its executive officer. He was engaged in the real estate business in Tuscaloosa under the name of Sealy Realty Company, which held a board listing on the house at the time of sale to the McElroys. The defendant Lang Ray was employed by Sealy Realty Company as a real estate salesman.

The house, along with other houses in Cottonwood Park, was advertised for sale by Sealty Realty Company in a Tuscaloosa newspaper. As a result of the advertisement the McElroys were shown the house by Ray. After some negotiations, the McElroys made an offer which was incorporated into a so-called contract by Ray. The McElroys signed the instrument and put up $50 as earnest money. Ray carried the contract to Charlie O. Sealy, who later approved its contents but it was never signed by Sealy or by anyone who represented him or Sealy Realty Company.

Ray represented to the McElroys that the house was a good house, made of good material and was of good workmanship. Ray told the McElroys the name of the man who built the house and told them that he was a good builder who built good homes. Ray told the McElroys that Mr. Sealy "would stand behind" and fix any "substantial" defect which "was within reason" and was discovered in the house within one year after the date of its sale. According to the McElroys, or one of them, the representation by Ray was that Mr. Sealy would fix any defect found in the house during the first year, substantial or otherwise. The representations which Ray admitted he made to the McElroys

concerning the house were made with the approval and authorization of Charlie O. Sealy.

Ray told the McElroys that Sealy Realty Company owned the house and that he was selling it for that company. The McElroys did not know that Reeves, Inc., had any interest in the house until the execution of the deed. Apparently Ray did not know that the title to the house was in Reeves, Inc., prior to that time.

The deed executed by Reeves, Inc., conveying the house to the McElroys contains the usual warranty as to title but contains no warranty as to the quality of the house or any covenant to repair defects therein.

Within a short time after they took possession the McElroys complained of certain defects in the house. Several other complaints were made later. Sealy Realty Company undertook to satisfy the McElroys by correcting certain of the defects about which complaints were made, but to no avail.

A few weeks before the expiration of the one-year period, the McElroys wrote a letter to Charlie O. Sealy wherein they enumerated certain claimed defects in the house which they asserted needed repairing. The letter concluded thusly: "We hereby give you ten days to fix these conditions, if you don't we shall turn this matter over to our attorney."

After receipt of the letter Sealy, accompanied by one of his employees and by the contractor who built the house, went to the house and made an inspection of it in the presence of the McElroys or one of them. When the inspection was concluded Sealy agreed to have certain work done on the house but refused to put down a new hardwood floor in one or more rooms. The McElroys agreed to let Sealy make the repairs which he offered to make, but on the night of the visit and inspection the McElroys changed their minds and advised Sealy of their decision. Within a few days this suit was filed.

The original complaint contained but one count, which alleged a breach of warranty. The defendants' joint demurrer to the original complaint was overruled. The plaintiffs then amended their complaint by changing the name of the defendant Charlie O. Sealy "to read Charlie O. Sealy, doing business as Sealy Realty Company," and by adding Counts 2, 3 and 4. Some minor changes, all immaterial to this appeal, were made to Count 1 by the aforementioned amendment. The defendants filed a joint demurrer to the complaint as amended, which demurrer was overruled. Plaintiffs amended their complaint again by adding Counts 5 through 9. According to the judgment entry, a demurrer interposed by the defendants to the complaint as so amended was overruled.

At the conclusion of the evidence, the trial judge at the request of each of the defendants gave general affirmative charges in writing with and without hypothesis as to Counts 1, 2, 3 and 4.

In briefs filed on behalf of appellants, the defendants below, it is said that Counts 7 and 8 were abandoned. Appellees in their brief say that they "do not find where Count 7 and Count 8 of the complaint were abandoned." In its charge to the jury the trial court stated: "So you have counts five, six and nine that are submitted to you for your consideration." We cannot determine from the record why the trial court ignored Counts 7 and 8, but no exception was taken by the plaintiffs below to the statement of the trial court just quoted, nor do we find any other indication in the record that plaintiffs sought to have the case go to the jury on Counts 7 and 8 of the complaint as amended.

We conclude that the appellants are correct in asserting that the case went to the jury on behalf of the plaintiffs on only Counts 5, 6 and 9. As we read the judgment entry, the case went to the jury on behalf of the defendants on the plea of the general issue in short by consent with leave, etc., in the usual form.

■ We have said that a case will not be reviewed here on a theory different from that on which the trial was had.—Ellerbee v. Atlantic Coast Line R. Co., 258 Ala. 76, 61 So.2d 89; Union Springs Telephone Co., Inc. v. Green, 285 Ala. 114, 229 So.2d 503. That principle of appellate review will be applied as we come to a consideration of assignments of error referred to in appellants' brief.

This case was not defended in the trial court on the theory that the representations made by Ray to the McElroys were not in writing and therefore were in violation of the statute of frauds, nor was it tried on the theory that the verbal representations made by Ray to the McElroys, not being included in the deed, cannot be the basis of a cause of action. See Johnson v. Delony, 241 Ala. 16, 1 So.2d 11; Schock v. Underwood, 260 Ala. 294, 70 So.2d 264. Cf. Ridley v. Moyer, 230 Ala. 517, 161 So. 526. Consequently, nothing said in this opinion is to be understood as having any bearing on the right of the McElroys, the plaintiffs below, to recover if the case had been defended on the grounds last alluded to above.

We are not concerned here with any question of an implied warranty, so consideration need not be given to Cochran v. Keeton & Thompson, 287 Ala. 439, 252 So.2d 313, or to Carter v. West, 280 Ala. 603, 196 So.2d 718.

■ The appellants purport to argue only eight of the sixty-eight assignments of error which they have made. We will not write to the assignments of error which are not adequately argued in appellants' brief.—Supreme Court Rule 9; First Nat. Bank of Birmingham v. Brown, 287 Ala. 240, 251 So.2d 204; Valley Heating, Cooling & Electric Co. v. Alabama Gas Corp., 286 Ala. 79, 237 So.2d 470.

■ It appears from the address of the assignments of error that they are made "separately and severally." No objection

to this form of assignments of error was made in this court. The assignments being several, the rule that denies effect to joint assignments unless good as to all appellants is not applicable.—Elmore v. Cunninghame, 208 Ala. 15, 93 So. 814.

The appellants have filed a joint brief which is in some respects excellent, but in other respects it confronts us with problems in the preparation of this opinion.

▮▮▮ We will consider first the appellants' argument made in support of Assignment of Error 6, which is to the effect that the trial court erred in overruling defendants' demurrer to Count 5.

Count 5 of the amended complaint reads in part as follows:

" . . . The Plaintiffs claim of defendants the sum of SEVENTY FIVE HUNDRED AND NO/100 ($7,500.00) DOLLARS as damages, for the breach of a warranty in the sale of a house located in Cottonwood Park in Tuscaloosa County, Alabama, by the Defendants to the Plaintiffs on, to-wit: the 18th day of April, 1964, which the Defendants warranted or guaranteed as follows:

" . . . That the house was built out of good materials and built with good and workmanlike manner.

" . . . When in fact, the house was not built out of good materials and was not built in a good and workmanlike manner in this, to-wit:

" * * *"

The allegations quoted above are followed by averments spelling out sixteen different defects in materials and workmanship.

Assignment of Error No. 6 is sufficient to present for consideration those grounds of the demurrer insisted upon in brief of appellants as having been well taken.— Turner v. Blanton, 277 Ala. 536, 173 So.2d 80; Southern Ry. Co. v. Sanford, 262 Ala.

5, 76 So.2d 164; Groover v. Darden, 259 Ala. 607, 68 So.2d 28; Associates Investment Co. v. Hamm, 284 Ala. 332, 224 So.2d 880.

Count 5 is substantially in Code form (§ 223, Form 24, Title 7, Code 1940) and was not subject to the general grounds of the demurrer to the effect that it did not state a cause of action in that "its material allegations are but the insufficient conclusions of the pleader, and does not apprise Appellants of what they are called upon to defend."—Attalla Oil & Fertilizer Co. et al. v. Goddard et al., 207 Ala. 287, 92 So. 794. See Carr-White Truck Co., Inc. v. Southern Concrete & Supply Co., Inc., 280 Ala. 405, 194 So.2d 561.

It is suggested in argument, though no ground of demurrer takes the point, that Count 5 is objectionable for duplicity. Assuming arguendo that duplicity in a count of a complaint can be raised by general demurrer, we are of the opinion that Count 5 is not duplicitous. The reason why appellants say that it is duplicitous seems to be that it contains the enumeration of sixteen different defects in material and workmanship. We gather that appellants take the position that each of such defects should have been made the basis of a separate count in the complaint. We cannot agree.

The appellants argue that the absence from Count 5 of allegations to the effect that defects in materials and workmanship were called to the attention of the appellants, or averments to the effect that the appellants were even requested or instructed to make good or correct the same, render the said count subject to Ground 10 of the demurrer. In support of their contention the appellants rely upon the cases of Smith v. Pizitz of Bessemer, Inc., 271 Ala. 101, 122 So.2d 591, and Wesson Oil & Snowdrift Co. v. Orr, 274 Ala. 463, 149 So.2d 462. Those cases dealt with the sale of goods, personal property. We see no occasion to determine whether or not the holdings in those cases relative to the giving of notice are applicable to a complaint

in Code form for breach of warranty in the sale of real property because it is without dispute in the evidence that the omissions in Count 5 of which appellants complain were supplied by the uncontradicted proof and the charge of the court. Any error in that connection was thereby cured. —Ridgely Operating Co. v. White, 227 Ala. 459, 150 So. 693, and cases cited; McDole v. Vincent, 274 Ala. 342, 148 So.2d 633. Moreover, it affirmatively appears in Count 6 that appellants did have notice of the claimed defects. To hold that the overruling of the demurrer to Count 5 because of the absence of allegations to that effect would run counter to the holding in Miller v. Mutual Grocery Co., 214 Ala. 62, 106 So. 396, to the effect that unless it appears from the whole record that an error in rulings upon pleadings has probably injuriously affected substantial rights of the parties, a judgment will not be reversed because of such error. See Berry v. Robertson, 285 Ala. 623, 235 So.2d 657.

We hold that the trial court did not commit reversible error in overruling demurrer interposed to Count 5 of the amended complaint.

■■ Appellants' Assignment of Error No. 7 is predicated upon the action of the trial court in overruling appellants' demurrer to Count 6 of the amended complaint.

Count 6 contains the following averments, among others:

". . . The Plaintiffs claim of the Defendants the sum of SEVENTY-FIVE HUNDRED AND NO/100 ($7500.00) DOLLARS, as damages, for the breach of a warranty in the sale of a house located in Cottonwood Park in Tuscaloosa County, Alabama, by the Defendants to the Plaintiffs on, to-wit: the 18th day of April, 1964, which the Defendants warranted or guaranteed as follows:

". . . To make good and correct all defects in workmanship and materials which occurred within the first year from the purchase of the said house, that is from, to-wit: April 17, 1964.

". . . When in fact the Defendants have failed to make good and correct defects of workmanship in the said house which occurred within the first year after the purchase of the house, from to-wit: April 18, 1964, until April 17, 1965, said defects in workmanship and materials in the house which the Defendants failed to correct being as follows:

"* * *"

The allegations quoted above are followed by averments which set out in detail fourteen different defects in the house which were not corrected by the defendants within one year from the date of purchase.

Count 6 concludes:

". . . The Plaintiffs aver that the Defendants have offered to correct and make good part of the defects in the said house which appeared within the period of from, to-wit: April 18, 1964, to to-wit: April 17, 1965, but they have not done so, but the Defendants have not agreed to correct or make good a substantial part of the defects of workmanship and materials which have appeared in the house during the period of time from to-wit: April 18, 1964, until to-wit: April 17, 1965."

In support of Assignment 7 the appellants "incorporate by reference all that has been said therein [argument made in support of Assignment 6] and cite as authority the cases relied on therein."

We have held that it is permissible to adopt by reference the argument used in support of one assignment of error in support of another.—Alabama Farm Bureau Mut. Cas. Ins. Co. v. Harris, 279 Ala. 326, 184 So.2d 837; Accident Indemnity Ins. Co. v. Feely, 279 Ala. 74, 181 So.2d 889.

Of course, the adopted argument must be pertinent to and supportive of the assignment of error for which it is adopted.

Some of the argument made in support of Assignment of Error 6 has no bearing on Assignment of Error 7; for instance, the argument made that the absence from Count 5 of the allegation to the effect that defects in material or workmanship were called to the attention of the appellants rendered that count subject to Ground 10 of the demurrer. As shown above, Count 6 contains such averments.

In Count 6 the plaintiffs say that they are seeking damages for the breach of a warranty but as we read that count the damages sought are for the failure of the defendants to make good and correct the enumerated defects in workmanship and materials which occurred within one year from the date of purchase of the house.

Although we do not feel that Count 6 is a model of good pleading, we do not entertain the view that the overruling of the demurrer to that count constitutes reversible error.

Assignment of Error 10 challenges the action of the trial court in overruling the demurrer as to Count 9, which count is in all material respects the same as Count 6 except that no reference is made therein to a breach of warranty, the language of Count 9 being the same as the meaning of Count 6, an attempt to recover damages for the breach of an agreement to make good and correct all defects in workmanship and materials which occurred within the first year after the purchase of the house.

Appellants adopt in support of Assignment of Error 10 their argument made in support of Assignments 6 and 7. We do not entertain the view that such argument points out any reason why we should hold that the trial court erred to a reversal in overruling the demurrer to Count 9. We conclude, therefore, that Assignment of Error 10 is without merit.

We will next deal with appellants' attempt to present for our consideration the action of the trial court in overruling their motions for a new trial.

Assignments of Error 65, 66, 67 and 68, aside from the references to pages of the transcript of the record, read:

"65. The trial court erred in overruling the motion for a new trial filed by the appellant Charlie O. Sealy, doing business as Sealy Realty Company.
• • •

"66. The trial court erred in overruling the motion for a new trial filed by the appellant Lang Ray. . . .

"67. The trial court erred in overruling the motion for a new trial filed by the appellant Reeves, Inc., a corporation. . . .

"68. The trial court erred in overruling the defendant's motion for a new trial. . . ."

There is no separate argument made in support of Assignments of Error 65, 66 and 67. As to those assignments, the appellants say: "The same argument made as to related Assignment of Error No. 68 is here adopted and assigned as Appellants' argument in support of this Assignment of Error."

In view of the language just quoted, we think it clear that the appellants intended to argue their Assignment of Error 68, although there is no argument specifically directed to Assignment of Error 68. The "Argument" section of appellants' brief begins on page B–5. We quote in part as follows:

"(Assignment of Error No. 69).

"This assignment is predicated upon the refusal of the trial court to grant Appellants' separate and several Motions for a New Trial.

"Appellants here urge that reversible error was committed by the trial court in overruling the Appellants' separate and several Motions for a New Trial and rely upon the following separate and several grounds thereof: Grounds 1, 2, 3, 5, 6, 7, 20 and 21. For the purpose of

argument these grounds are grouped and argued as follows:

" * * * "

As we have heretofore indicated, there is no Assignment of Error 69. There is no assignment of error which asserts that the trial court erred " . . . in overruling the Appellants' separate and several Motions for a New Trial. . . . "

■ The mere fact that appellants have incorrectly headed an argument with a nonexistent assignment of error number does not require us to ignore that argument if we can with certainty relate it to the assignment of error to which appellants intended it to relate, especially where, as here, appellees' counsel were not misled or troubled by such status of the brief.— Astronautical Development Co., Inc. v. University of Alabama, Huntsville Foundation, Inc., 285 Ala. 149, 229 So.2d 783. See Davis v. Wells, 265 Ala. 149, 90 So.2d 256. Appellees' counsel treat the reference in appellants' brief to "Assignment of Error No. 69" as being a typographical error and treat the argument as being directed to Assignment of Error 68. As heretofore indicated, we think it clear that such was the intention of appellants' counsel.

But Assignment of Error 68 deals with the action of the trial court in overruling "the defendant's motion for a new trial," not the defendants' motions for a new trial. So it can be correctly asserted that it is not clear as to which of the identical motions for a new trial the argument under nonexistent Assignment of Error 69 was intended to relate. But we think the argument made in support of the stated grounds enables us in some instances to determine the motion or motions for new trial to which the argument is addressed.

Grounds 1, 2, 5 and 7 are identical in each motion for a new trial. They read:

"1. For that said verdict is contrary to the law of the case.

"2. For that said verdict is contrary to the evidence in the case.

"5. For that said verdict is contrary to law.

"7. For that the verdict of the jury is contrary to the facts in the case."

■ An assignment of error to the effect that the trial court erred in overruling the appellant's motion for a new trial is a vicarious assignment of every well-stated ground of the motion for a new trial which is adequately brought forth and argued in brief.—Hall Motor Co., Inc. v. Furman, 285 Ala. 499, 234 So.2d 37, and cases cited; National Life & Accident Ins. Co., Inc. v. Allen, 285 Ala. 551, 234 So.2d 567. But in the case last cited we refused to consider on the merits grounds of a motion for new trial to the effect that the verdict of the jury was "contrary to the law" or "contrary to the law and the evidence in the case," saying:

"A ground of a motion for a new trial that the verdict or judgment is contrary to law is without merit, because the body of law is tremendous and complex, and the errors of law complained of, or in what respect the verdict, judgment or decree is contrary to it, should be specifically pointed out. Jones v. Wise, 282 Ala. 707, 213 So.2d 914, and cases there cited." (285 Ala. 556–557, 234 So.2d 572.)

■ Consequently, we hold that the argument of Grounds 1 and 5 of the motions for new trial are inefficacious.

■ But Grounds 2 and 7 of the motions for new trial are good grounds under our previous holdings. In Tucker v. Franklin, 285 Ala. 460, 233 So.2d 470, the trial court granted a motion for a new trial without specifying the grounds of the motion considered to be well taken. Later the court on motion specified the grounds for granting the motion for new trial to be Grounds "3 and 6–11, inclusive." An examination of the original transcript in

Tucker v. Franklin, *supra*, shows that Grounds 3 and 6 of the motion for a new trial read as follows:

"3. The verdict of the jury is contrary to the undisputed evidence.

\* \* \* \* \* \*

"6. The judgment of the court is contrary to the undisputed evidence."

In affirming the action of the trial court in granting the motion for new trial in Tucker v. Franklin, *supra*, in part on Grounds 3 and 6 of the motion, we gave tacit approval to those grounds. See Hyde v. Norris, 250 Ala. 518, 35 So.2d 181; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Lee v. Moore, 282 Ala. 461, 213 So.2d 197.

▮▮▮ Grounds 2 and 7 of the motion for new trial as argued in appellants' brief cannot work a reversal as to any of the appellants in this case for several reasons. In this instance we cannot ascertain to which of the appellants the argument is directed. Further, those grounds are argued together with Grounds 1 and 5, to which they are not related. We have held Grounds 1 and 5 to be inefficacious. Where grounds of a motion for a new trial are argued as if they are assignments of error, they are subject to the rule that where unrelated assignments of error are argued in bulk and one is found to be without merit, no reversible error appears. This rule as to the argument of assignments of error is reiterated in Union Central Life Ins. Co. v. Scott, 286 Ala. 10, 236 So.2d 328. Moreover, in view of the issues on which this case was tried, we would be unwilling to say that the verdict was contrary to the evidence as it relates to any of the appellants in this case.

▮▮▮ Grounds 3 and 6 of the motions for new trial are identical. They are argued together in brief. They read as follows:

"3. For that said verdict is excessive.

"6. For that the verdict of the jury is so excessive as to indicate that it was influenced by prejudice."

The argument made in support of these grounds of the motion for a new trial is that: " . . . on the trial of this cause no evidence was introduced to show that Appellees sustained any damage as a result of the alleged breach of warranties or agreements by the Appellants as to the condition of the house purchased by Appellees." Appellants say in brief that there was no testimony in the case as to what the "property would have been worth on the day of the sale . . . if it had been as warranted. That is, there is no testimony as to what the value of the property would have been on the date of the sale if the warranty had not been broken, as alleged." We understand appellants to say that there was an absence of evidence to justify damages being awarded to the McElroys for breach of warranty. But the verdict in this case was a general one. As we have construed Counts 6 and 9, they did not seek damages for breach of warranty, but because of a failure of the appellants to repair the defects which occurred in the house within one year from the date of the sale. While the evidence as it related to this aspect of the case was in dispute, there was the testimony of a witness which if believed by the jury fully sustained the amount of the verdict returned by the jury. The jury apparently believed that witness in regard to the amount of money which it would take to make the needed repairs. We cannot say that the jury was not warranted in accepting the testimony of that witness.

Ground 20 of each of the motions for a new trial reads as follows:

"For that the verdict returned against the defendant, Lang Ray, and the judgment entered thereon is contrary to law in that the evidence conclusively established that the defendant, Lang Ray, functioned only as an agent in all transactions with the plaintiffs, thereby re-

lieving himself of any personal responsibility or liability in connection with the said sale of the house and the alleged warranties and representations and covenants made in connection therewith."

We do not think Ground 20 of Ray's motion for new trial is subject to the vice that it is too general, as are Grounds 1 and 5 previously considered. We entertain the view that Ground 20 is well taken and that the trial court erred in not granting Ray's motion for a new trial.

The representations made by Ray to the McElroys were more than a mere statement of his opinion and belief. They amounted to positive affirmation and statements of fact. See Ricks, Adm'r v. Dillahunty, 8 Port. 133; Claghorn v. Lingo, 62 Ala. 230. But Ray disclosed to the McElroys his principal, namely, Charlie O. Sealy, doing business as Sealy Realty Company, for whom he was working as a real estate salesman. The representations which he made concerning the house were made on behalf of Charlie O. Sealy, doing business as Sealy Realty Company, with the latter's approval and authorization and the evidence supports no reasonable inference to the effect that by such representations Ray intended to bind himself or that the McElroys understood that Ray made the representations on his own behalf.

In view of this state of the evidence, the judgment against Ray is, in our opinion, contrary to law. See Gillis v. White, 214 Ala. 22, 106 So. 166; Alabama Traction Co. v. Selma Trust & Savings Bank, 217 Ala. 653, 117 So. 19; Siler v. Perkins, 126 Tenn. 380, 149 S.W. 1060; Swartout v. Grover Collins Drilling, etc., 75 Nev. 297, 339 P.2d 768. An agent is presumed to intend to bind his principal only and to incur no personal liability and unless an intention to substitute or superadd his personal liability for or to that of his principal is clearly shown, he will not be bound in his individual capacity.—3 C.J.S. Agency § 215 b, p. 121. Certain it is that such an intention cannot be said to be clearly shown by the evidence in this case.

Ground 21 of each of the motions for a new trial is identical. It reads:

"21. For that the verdict of the jury and the judgment rendered thereon is contrary to law with regard to the liability of the defendant, Charlie O. Sealy, doing business as Sealy Realty Company, since the evidence clearly established that Charlie O. Sealy, doing business as Sealy Realty Company, merely functioned as an agent in the sale of said property for the owner of said property, Reeves, Inc., thereby relieving said Charlie O. Sealy, doing business as Sealy Realty Company, from any personal responsibility or liability as a result of the transaction had with the plaintiffs, and covenants, representations or warranties made to the plaintiffs in the course of said agency."

It is not clearly established by the evidence that Charlie O. Sealy, doing business as Sealy Realty Company, merely functioned as an agent in the sale of the said property by its owner, Reeves, Inc.

In fact, there is no evidence in the record to show that Lang Ray, the person who actually consummated the sale to the McElroys and who made the representations made the basis of this litigation, knew that the house was owned by Reeves, Inc. Ray did not represent to the McElroys that Charlie O. Sealy, etc., was acting as an agent on behalf of Reeves, Inc. Charlie O. Sealy did not disclose to the McElroys that the house was not owned by him personally prior to the time of the closing of the sale.

We hold that Ground 21 of the motion for a new trial filed on behalf of Charlie O. Sealy, doing business as Sealy Realty Company, is without merit.

There was no ground of the motion for new trial which took the point that the verdict of the jury and the judgment ren-

dered thereon was contrary to law with regard to the liability of the defendant Reeves, Inc.

Assignment of Error 15 is predicated upon the refusal of the trial court to give the following requested written charge:

"Charge No. 10. I charge you gentlemen of the jury that you cannot return a verdict in favor of the plaintiffs against the defendant Lang Ray in this case."

Charge 10 is the only affirmative instruction requested by any of the defendants below. It should have been given for the reasons set forth in support of our holding that Ground 20 of Lang Ray's motion for new trial was well taken and that the trial court erred in not granting the said Ray a new trial.

The appellants in their joint brief contend that the refusal of the trial court to give Charge No. 10 set out above constitutes not only reversible error as to Lang Ray but as to the other defendants as well. The appellants' position in this regard is set forth in the language hereafter quoted from their brief:

" . . . The trial court's refusal to give the affirmative charge for Appellant Ray is clearly reversible error as to him and under the circumstances of this case also constitutes reversible error as to the Appellant Sealy and Reeves, Incorporated. To further aid the Court's understanding of this issue, Appellants will here summarize the basic propositions of law which compel this conclusion.

"The evidence presented on the trial of this case conclusively established that the Appellant Ray acted solely in a representative capacity in all of his dealings and negotiations with the Appellees. Where one is known to be acting in a representative capacity in contracting with another he cannot be held individually liable upon the contract. Gillis v. White, supra, Louisville & N. R. Co. v.

A. N. Chappell & Co., supra, and Alabama Traction Co. v. Selma Trust & Savings Bank, supra. When applied to the uncontradicted evidence in this case as to Appellant Ray's representative capacity, this proposition of law discharges Appellant Ray from liability on the alleged joint contractual undertaking made the basis of this action.

"When a complaint alleges the existence of a joint contractual undertaking against several defendants and the proof establishes an obligation under the alleged contract of less than all of the defendants, there is a fatal variance between the pleadings and the proof and no recovery is available against any one of the defendants. Gamble v. Kellum, supra, and Cobb v. Keith, supra. This proposition of law controls the outcome of this appeal because the proof adduced upon the trial did not conform with the pleadings in that a joint contractual undertaking was alleged but the proof showed the Appellant Ray was discharged upon personal defense. Under the circumstances of this case, Appellants did everything possible to call this variance to the attention of the trial court by submitting written Charge No. 10 in an attempt to compel the striking of the exonerated agent, Appellant Ray.

"Moreover, since the joint judgment rendered in this case must be reversed as to Appellant Ray for refusal of the trial court to grant written requested Charge No. 10, the entire judgment is due to be reversed even if this Court finds reversible error on appeal only as to Appellant Ray. This based on the proposition of law that a joint judgment is regarded as an entirety on appeal and a reversal of the judgment as to one joint defendant requires a reversal as to all defendants. City of Tuscaloosa v. Fair, supra, McGowin v. Howard, supra, and Alabama Power Co. v. King, supra."

Counts 5, 6 and 9 all aver a contract made with the plaintiffs by the defendants jointly.

Section 139, Title 7, Code 1940, reads:

"When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable to costs to those against whom he does not obtain judgment."

The provisions just quoted have been a part of the statutory law of this state for many years. Our cases seem to be uniform in holding to the effect that such provisions were not designed to give a right of recovery against one of the defendants when the complaint in a suit instituted against several, describing a contract made by all jointly, on proof of a contract made by a part of them. Such provisions, it has been held, do not create a right of recovery inconsistent with the complaint. They were intended to authorize a recovery against one or more of the defendants when some of them are discharged from liability on the contract alleged in the complaint, upon personal defense not negativing the averment of a joint contract originally. In such a case a contract is proved as described—as made by all of the defendants sued—but the plaintiff fails to recover against some on grounds not showing a cause of action variant from, or inconsistent with, the complaint.—Gamble v. Kellum, 97 Ala. 677, 12 So. 82; Cobb v. Keith, 110 Ala. 614, 18 So. 325; Redmond & Co. v. Louisville & N. R. Co., 154 Ala. 311, 45 So. 649; Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Central of Georgia R. Co. v. Camp Hill Trading Co., 208 Ala. 315, 94 So. 350.

The question is not one of a misjoinder of parties, raised on the pleadings, but is one of a variance, properly raised on the trial by requested instructions to the jury. —Redmond & Co. v. Louisville & N. R. Co., *supra*.

During the course of the trial no objection was interposed to the evidence adduced to show the contract upon which the McElroys based their right to recover on the ground of a variance.—Rule 34, Circuit and Inferior Court Practice, Code 1940, Title 7, Appendix; 1958 Revised Code, Vol. 3, p. 1200. We held the refusal of Charge 10 to be reversible error not on the basis of a variance, but because of the absence of proof that Ray entered into a contract with the plaintiffs. The record would not justify a holding that it was error to refuse Charge 10 on the ground of a variance between allegation and proof because it does not appear therein that the matter of a variance was brought to the trial court's attention.

As heretofore indicated, neither Charlie O. Sealy, doing business as Sealy Realty Company, nor Reeves, Inc., requested the affirmative charge on the ground of a variance or for any other reason.

We cannot agree with their contention that the trial court's error in refusing to give Charge 10 in favor of the defendant Lang Ray requires a reversal of the judgment against them.

■ The appellant Charles O. Sealy, doing business as Sealy Realty Company, and Reeves, Inc., argue that a reversal of the judgment as to the appellant Ray requires a reversal of the judgment against them on the theory that a joint judgment is regarded as an entirety on appeal and a reversal of the judgment as to one joint defendant requires a reversal as to all defendants, citing City of Tuscaloosa v. Fair, 232 Ala. 129, 167 So. 276; McGowin v. Howard, 246 Ala. 553, 21 So.2d 683; Alabama Power Co. v. King, 280 Ala. 119, 190 So.2d 674.

The cases last cited do not fully support the statement for which they are cited. The correct rule is stated in Alabama Power Co. v. King, *supra*, as follows:

"At common law a joint judgment was regarded as an entirety, and a reversal of the judgement as to one defendant required a reversal as to all. Some of our earlier cases reflect this rule. (Cases cited) This earlier rule of entirety has now been modified to the entent that

where a judgment, though joint in form is several in effect, and the interests of the parties are several and independent, then such judgment is not necessarily considered as entire, and such joint judgment may be reversed as to one or more of the defendants and not as to the other. (Authorities cited)" (280 Ala., 124–125, 190 So.2d 679.)

We are of the opinion that reversal of the joint judgment in this case as to the appellant Lang Ray does not justify a reversal of the judgment as to the other appellants.

The parties to this litigation have framed the issues in the trial court and in this court and we have disposed of the questions presented on this appeal in keeping with the rules governing appellate review of a case tried below on the issues made by the parties.

The judgment against the appellant Lang Ray is reversed and as to him the cause is remanded to the trial court with direction to render a judgment in his favor.

The judgment against the appellants Charlie O. Sealy, doing business as Sealy Realty Company, and Reeves, Inc., is affirmed.

Affirmed in part and in part reversed and remanded with direction.

MERRILL, BLOODWORTH, MADDOX and McCALL, JJ., concur.