WRIGHT, Presiding Judge.
This appeal involves the determination of corporate or individual liability in a breach of contract case.
William B. Owens is president and principal stockholder of Imperial Volkswagen, Inc., of Dothan. Owens signed a contract with Earl Durden of Durden Outdoor Advertising providing for the painting and maintenance of six billboards in various locations in Dothan. The contract was prepared by Durden and stated therein “Imperial Volkswagen-Porsche Audi” to be the advertiser. It was signed by William B. Owens over the typed words “Imperial Volkswagen-Porsche Audi.” “Imperial *1080 Volkswagen-Porsche Audi” is not the proper name of the corporation which operated the automobile dealership.
The contract provided for maintenance of the specified advertisements for a period of twenty-four months. The beginning date of the contract was December 1,1980. The monthly payment for the advertising was $650. Imperial Volkswagen, Inc. issued its checks for eleven monthly payments before ceasing. Durden subsequently filed his complaint for breach of contract against Owens “d/b/a Imperial Volkswagen-Porsche Audi.” Durden subsequently added Imperial Volkswagen, Inc., as a party to the action.
Trial was held without a jury. Judgment was entered in favor of Durden against Owens, individually, for $4,600 plus costs. Judgment was also entered in favor of Imperial Volkswagen, Inc., and against Dur-den. Owens’ motion to alter, vacate or amend the judgment was denied.
The issue presented on appeal is whether the trial court erred in holding Owens liable individually and in not holding Imperial Volkswagen, Inc., liable on the contract. Owens contends that the court erred in holding him liable individually because no evidence was presented that he was acting as an individual when he signed the contract. The general rule is stated in 3 Am. Jur.2d Agency § 294 (1962):
“If a contract is made with a known agent acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone and the agent cannot be held liable thereon, unless credit has been given expressly and exclusively to the agent and it appears that it was clearly his intention to assume the obligation as a personal liability and that he has been informed that credit has been extended to him alone.”
The Supreme Court of Alabama expressed the rule this way:
“The legal presumption is, when a known agent deals or contracts within the scope of his authority, that credit is extended to the principal and not to the agent; and that the dealing is the act, or the contract is the engagement, of the principal alone, as if he were personally present and acting or contracting. This presumption prevails in the absence of evidence that credit was given to the agent exclusively and the burden of proof rests upon the party seeking to charge him personally. If the contract or promise is in writing, its construction and effect are, ordinarily, questions of law for the decision of the court.”
Anderson v. Timberlake, 114 Ala. 377, 386, 22 So. 431, 433 (1897). See also, Davis v. Childers, 381 So.2d 200 (Ala.Civ.App.1979), cert. denied, 381 So.2d 202 (Ala.1980); and Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340 (1972).
In the present case, the contract reveals that Durden knew Owens to be an agent of the car dealership. The two had dealt with each other before. The contract lists “Imperial Volkswagen-Porsche Audi” as the advertiser — not Owens. Although the correct corporate name is not used, the dealership is sufficiently identified, and the intention of the parties to bind that dealership is clear. It is not contended that Owens acted outside the scope of his authority. The contract was therefore sufficient to invoke the presumption that Owens acted to bind the dealership.
No evidence was ever presented that the contract was extended exclusively and expressly to Owens, or that it was Owens’ intention to assume the liability personally. The burden of proof was on Durden to present sufficient evidence of this intention to rebut the presumption favoring corporate liability in this case.
The trial court, hearing the evidence ore tenus, is afforded a presumption of correctness in its judgment and will not be reversed unless palpably wrong, without supporting evidence or manifestly unjust. This court is always hesitant to overturn the trial court on a factual determination; however, the presumption of correctness does not apply where the trial court erroneously applies the law to the facts. League v. McDonald, 355 So.2d 695 (Ala.1978). In *1081 view of the presumption in favor of Owens and the failure of Durden to rebut that presumption, the trial court erred in holding Owens liable on the contract.
Durden argues that this situation is governed by § 7-3-403, Code of Alabama 1975, and that Owens is liable on the contract because the contract fails to state Owens’ corporate office. However, by its own terms, Article 3 of the Uniform Commercial Code applies only to commercial paper. § 7-3-103, Code 1975 (official comment). Specifically, § 7-3-403 applies to a signature on an “instrument,” which is defined in § 7-3-102(l)(e) to mean a “negotiable instrument.” The contract in question in the present case is not a negotiable instrument. § 7-3-104, Code 1975. The argument is without merit.
The issue of the liability of the corporation is not before us on appeal.
The judgment of the trial court is reversed and judgment for defendant Owens directed to be entered.
REVERSED AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ„ concur.