Addie McGinney sued several persons who had sold her a house. Her complaint also named as a defendant the sellers' Century 21 Action Realty agent, Willie Jackson, individually. The case went to trial, and, after some evidence was heard, the court granted the plaintiff's and sellers' joint request for a mistrial, thus eliminating the sellers as defendants. Willie Jackson was the only remaining defendant. On March 23, 1990, the trial court entered a summary judgment for him. McGinney appeals. We affirm.
Jackson was the Century 21 Action Realty agent through whom McGinney purchased her house. McGinney admits that she visited the house at least twice before purchasing it. Because she could go only before or after work, it was almost dark each time she toured the premises. Despite her inability to see the house under daylight, McGinney admits that she knew of several items in the house requiring repair.
The purchase agreement, dated July 29, 1980, specified that certain items be repaired by the sellers. Closing was to take place no later than September 19, 1980. The purchase agreement also contained a disclaimer, which read: "Real estate agents are not principals and are not to be held liable for any conditions or non-performance of this agreement."
The purchase agreement refers to an addendum that describes the nine items to be repaired by the seller. The addendum, dated July 31, 1980, is somewhat faulty. McGinney signed on the line marked "seller" and A. Evans, one of the sellers, signed under the line marked "buyer." Willie Jackson signed as a witness above the proper heading.
McGinney, having obtained financing, moved into the house on or about December 1, 1980. She found rotten bathroom floors and faulty plumbing. Because of a leaky roof, rain came into the rooms and further damaged the floors. McGinney tried on several occasions to contact Jackson concerning the condition of her house and the promise, listed in the agreement and addendum, to repair. Jackson never replied. To date, McGinney has made only minor repairs to the house; those have been made at her own expense.
The complaint alleges breach of warranty, fraud, and breach of contract against Jackson.
"Breach" consists of the failure without legal excuse to perform any promise forming the whole or part of the contract. *Page 1072 
17 Am.Jur.2d Contracts § 441 at 897 (1964). Here, the promise was to make certain repairs to the plaintiff's house according to the addendum list referred to in the purchase agreement. The controversy in this case concerns who is responsible for making the repairs. The plaintiff argues that Jackson was not acting as an agent and binding his principals, the sellers, but was personally promising that the work would be completed.
When an agent discloses his agency relationship, the presumption is that he intends to bind only his principal.Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340 (1972). This presumption is overcome by evidence that the agent assumed personal liability. Owens v. Durden, 440 So.2d 1079
(Ala.Civ.App. 1983).
Jackson did not personally guarantee the completion of the repairs. McGinney produced no evidence at trial, nor is there any other evidence in the record, indicating an intention on Jackson's part to bind himself and not his principals, the sellers. Jackson signed the addendum agreement on the line designated "witness." The purchase agreement also contained the following disclaimer: "Real estate agents are not principals and are not to be held liable for any condition or non-performance of this agreement." Furthermore, the plaintiff admits that she knew that Jackson did not own the property himself; she knew that Jackson was merely selling the house for the owners. She clearly knew of the agency relationship.
In Gillis v. White, 214 Ala. 22, 106 So. 166 (1925), this Court stated: "When one contracts merely as agent of a disclosed principal, he binds either principal or himself, but not both." Because Jackson never bound himself personally, the addendum and the purchase agreement bound only the sellers or principals of the property. The plaintiff could have pursued only the sellers, or principals, on breach of contract or warranty causes of action based upon the purchase agreement and its addendum. The plaintiff has no valid contract or breach of warranty cause of action against Jackson.
The plaintiff's complaint further alleged that Jackson made fraudulent representations insuring the completion of the repairs. These allegations of fraud are based upon the purchase agreement and the addendum. Assuming that Jackson did fraudulently misrepresent facts, intending to deceive the plaintiff, he did so in 1980. The plaintiff's cause of action in fraud would be barred by the then-applicable one-year statute of limitations, because her suit was not brought until 1986. Alabama Code 1975, § 6-2-39 (since repealed).
Therefore, the trial court did not err in entering Jackson's summary judgment. Rule 56, A.R.Civ.P. Accordingly, that judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.