# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MITCHELL PLETCHER, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>BOULEVARD THEATER, LLC, A NEVADA LIMITED LIABILITY COMPANY; FX LUXURY LAS VEGAS I, LLC, A NEVADA LIMITED LIABILITY COMPANY; URBAN RETAIL PROPERTIES, LLC, A DELAWARE LIMITED LIABILITY COMPANY; RICHARD WEISMAN, AN INDIVIDUAL; SHIRIN WEISMAN, AN INDIVIDUAL; PAUL M. SULLIVAN, AN INDIVIDUAL; AND TOMMY RICCARDO, AN INDIVIDUAL,<br>Respondents. | No. 66196 |

FILED

APR 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

| | |
|---|---|
| MITCHELL PLETCHER, AN INDIVIDUAL,<br>Appellant,<br>vs.<br>BOULEVARD THEATER, LLC, A NEVADA LIMITED LIABILITY COMPANY; FX LUXURY LAS VEGAS I, LLC, A NEVADA LIMITED LIABILITY COMPANY; URBAN RETAIL PROPERTIES, LLC, A DELAWARE LIMITED LIABILITY COMPANY; RICHARD WEISMAN, AN INDIVIDUAL; SHIRIN WEISMAN, AN INDIVIDUAL; AND PAUL M. SULLIVAN, AN INDIVIDUAL,<br>Respondents. | No. 66732 |

## ORDER OF AFFIRMANCE

These are pro se consolidated appeals from an order granting motions to dismiss that was certified as final under NRCP 54(b) and an

16-11881

order awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

The district court dismissed appellant's first breach of contract complaint as to respondents FX Luxury Las Vegas I, LLC, Urban Retail Properties, LLC, Richard Weisman, Shirin Weisman, and Paul Sullivan, and also denied appellant's request for leave to amend the complaint. Thereafter, appellant filed a second complaint in a separate action, which the district court then consolidated with the first action and dismissed the second complaint as to those respondents. The district court also awarded FX and Urban $15,000 each in attorney fees based on their offer of judgment. These appeals followed.

Having considered the parties' arguments and the record on appeal, we conclude that the district court properly dismissed appellant's first complaint because he failed to state a claim upon which relief could be granted as to FX, Urban, the Weismans, and Sullivan. *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 227-28, 181 P.3d 670, 672 (2008) (explaining that this court rigorously reviews a decision to dismiss a complaint under NRCP 12(b)(5) de novo with all alleged facts in the complaint presumed true and all inferences drawn in favor of the complaint). Specifically, FX, Urban, the Weismans, and Sullivan had not entered into a contract with appellant since the letter of intent, by its own terms, was not a contract, and they were not parties to any other contract with appellant. *See Albert H. Wohlers & Co. v. Bartgis*, 114 Nev. 1249, 1262, 969 P.2d 949, 959 (1998) ("no one is liable upon a contract except those who are parties to it" (internal quotation omitted)); *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232-33, 808 P.2d 919, 922-23 (1991) (describing the covenant of good faith and fair dealing).

Further, Urban was acting as FX's agent and appellant failed to plead facts alleging that the Weismans or Sullivan were the alter egos of Boulevard Theater, LLC, and thus, these respondents could not be held liable. *See Swartout v. Grover Collins Drilling Mud Eng'rs and Materials*, 75 Nev. 297, 300, 339 P.2d 768, 769 (1959) ("An agent who, acting within the scope of his authority, enters into contractual relations for a disclosed principal, does not bind himself, in the absence of an express agreement to do so . . . ." (internal quotation omitted)); *Polaris Indus. Corp. v. Kaplan*, 103 Nev. 598, 601, 747 P.2d 884, 886 (1987) (describing the requirements to establish an alter ego claim). Additionally, appellant failed to plead the fraud-based claims with particularity, NRCP 9(b), and because appellant provided his $20,000 deposit to Boulevard Theater, LLC, that money could not have been converted by FX, Urban, the Weismans, and Sullivan. *See Evans v. Dean Witter Reynolds, Inc.*, 116 Nev. 598, 606, 5 P.3d 1043, 1048 (2000) (explaining conversion).

The district court also did not abuse its discretion by denying appellant's motion for leave to amend the first complaint because he never provided the court with a proposed amended complaint as an attachment to his request. *See* EDCR 2.30 (requiring a motion for leave to amend the complaint to be accompanied by a proposed amended complaint); *Allum v. Valley Bank of Nev.*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993) (explaining that this court reviews the denial of a motion for leave to amend a complaint for an abuse of discretion); *see also Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009) (explaining that where a local rule requires the attachment of a proposed amended complaint to a request for leave to amend, it is within the district court's discretion to deny the request based on the party's failure to attach the proposed

pleading). While appellant argues that he did not have to provide the court with a proposed amended complaint because he made his motion orally, the record demonstrates that appellant made the request in writing and failed to include the requisite attachment with either his written request or subsequent motions for reconsideration.

Additionally, the district court properly dismissed appellant's second complaint because it was barred by claim preclusion. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008); *see G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. 701, 705, 262 P.3d 1135, 1137 (2011) (explaining that this court reviews the application of claim preclusion de novo). And, because the district court properly considered the *Beattie v. Thomas*, 99 Nev. 579, 588-89, 668 P.2d 268, 274 (1983), and *Brunzell v. Golden Gate National Bank*, 85 Nev. 345, 349, 455 P.2d 31, 33 (1969), factors in awarding attorney fees to FX and Urban and also decreased the awards based on the questionable reasonableness of the amount of their offer of judgment, the district court did not abuse its discretion in awarding FX and Urban $15,000 each in attorney fees. *Gunderson v. D.R. Horton, Inc.*, 130 Nev., Adv. Op. 9, 319 P.3d 606, 615 (2014) (explaining that this court reviews an award of attorney fees for an abuse of discretion). Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

 

cc:     Hon. Mark R. Denton, District Judge
        Mitchell Pletcher
        The Williamson Law Office, PLLC
        McDonald Carano Wilson LLP/Reno
        Dickinson Wright PLLC
        McDonald Carano Wilson LLP/Las Vegas
        Caruso Law Offices
        Eighth District Court Clerk