218 So.2d 266

**STATE of Alabama**

v.

**Charles M. SMITH, III, et al.**

**3 Div. 381.**

Supreme Court of Alabama.

Jan. 23, 1969.

W. Mark Anderson, III, Sp. Asst. Atty. Gen., for appellant.

Rushton, Stakely, Johnston & Garrett, Montgomery, for appellees.

COLEMAN, Justice.

In a proceeding to condemn land for a highway, the state appeals from a judgment granting the landowners' motion for a new trial.

*Motions.*

Appellees have filed a motion to affirm, based on the ground that appellant's assignment of error does not comply with Supreme Court Rule 1 as amended March 21, 1966.

As here pertinent, Rule 1 recites:

" * * * each assignment shall list the page or pages of the transcript of the record on which the ruling is recorded. * * * " 279 Ala. XXIII; Pocket Parts, 1958 Recompilation of Code 1940, Title 7.

Appellant's assignment of error does not list the page or pages of the transcript on which the ruling complained of is recorded.

The transcript was filed in this court September 18, 1968.

Appellant's brief was filed here November 4, 1968. Appellant requested oral argument.

Appellees' motion to affirm was filed November 12, 1968, and appellees' brief was filed on the same day.

On November 19, 1968, appellant filed its motion for leave to amend its assignment of error by adding thereto the page or pages of the transcript of the record on which is

recorded the ruling complained of. Appellees filed objection to appellant's motion to amend.

Subsequently, on December 20, 1968, the cause was argued orally on motions and merits and submitted thereon to this court for decision.

In support of the motion to affirm, appellees rely on National Finance Co. v. Rowe, 281 Ala. 658, 207 So.2d 133, and Jones v. Miller, 282 Ala. 231, 210 So.2d 793. In the two cited cases, this court held that the above quoted provision of Rule 1 is mandatory.

In *Jones,* on February 28, 1968, appellees filed in this court a motion to affirm on the ground that the assignments of error did not list the page or pages of the transcript of the record on which the ruling complained of is recorded. *Jones* was argued orally and submitted on motions and merits on April 9, 1968. Examination of the records of this court does not disclose that appellant made any motion to amend his assignments of error so they would list the page or pages of the transcript on which the ruling is recorded. In the instant case, prior to submission, appellant did file a motion to so amend its assignment, and that is the difference between *Jones* and the instant case.

In *National Finance,* the cause was submitted on briefs on December 15, 1967. On December 18, 1967, after submission, appellant filed in this court a motion to amend its assignment of errors by adding thereto the pages of the transcript as required by Rule 1.

In *National Finance,* the motion to amend was made subsequent to submission. In the instant case, the motion to amend was made prior to submission, and that is the difference between *National Finance* and the instant case.

In view of the fact that, prior to submission, appellant filed its motion to amend so as to list the transcript pages as required by Rule 1, we are of opinion that appel-

lant's motion to amend is due to be granted and appellees' motion to affirm is due to be denied. It is so ordered.

### Merits.

On October 6, 1967, the state filed its petition in probate court "to acquire a right-of-way in fee simple" over a parcel of land in the City of Montgomery. The state averred that it was necessary to acquire the land for the purpose of constructing and maintaining a controlled access highway.

Commissioners appointed by the probate court fixed the owners' damages at $4,000.-00 and judgment of condemnation was entered.

Both condemnor and landowners appealed to the circuit court and demanded jury trial. The jury fixed the owners' damages at $6,000.00 and the circuit court rendered judgment in accord with the verdict.

The owners filed motion for new trial. One ground of the motion was that the verdict was contrary to the great preponderance of the evidence. The court granted the motion and the state has appealed.

The lot affected is a corner lot at the intersection of two streets. The state proposes to take a strip of land off the front side of the lot fronting on Ann Street and to erect a fence across that side of the lot so that the owner will be deprived of access to Ann Street.

The testimony of the state's expert witnesses is to effect that the lot was worth approximately $14,000.00 before the taking and approximately $10,000.00 after the taking.

The testimony of the owner's witnesses as to the before taking value ranges from $32,500.00 to $60,000.00 or $75,000.00, and places the after taking value, at approximately $15,000.00.

The state argues that the testimony of the owner's witnesses is based on an

enhancement of the value of the lot which results from the construction of the interstate highway. The state argues that these enhanced values cannot be considered because the enhancement results from the improvement for which the property is being condemned, citing: United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336; Southern Electric Generating Co. v. Leibacher, 269 Ala. 9, 110 So.2d 308; Housing Authority of Birmingham Dist. v. Title Guarantee Loan & Trust Co., 243 Ala. 157, 8 So.2d 835.

We do not think that the evidence supports the state's argument that the values shown by the owner's witnesses are based on an enhancement resulting from the improvement.

 The owner's witness, Tyson, testified that if the interstate had been abandoned, " * * * we would have developed it * * * " Dempsey testified that Sinclair, in his opinion, would have paid $50,000.00 for an inside type lot on Ann Street, zoned business for service station purposes, " * * * with no knowledge of the highway"; testifying again, Tyson said " * * they would have bought it anyway * *."; Nicrosi testified that if no interstate were going to be there, " * * * this particular lot would be worth seventy-five thousand dollars."

"In the early case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, 740, repeatedly cited and followed, the rule was laid down that upon motion for new trial, based upon the fact that the verdict or judgment was contrary to the evidence, a presumption will be indulged in favor of the action of the trial court when there is a conflict in the evidence. That is, on appeal in such cases, this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict,' and it will not reverse an order refusing a new trial on the ground that the evidence is not sufficient to support the verdict, or that the verdict is contrary to the evidence, 'unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.'" Reed v. Thompson, 225 Ala. 381, 382, 143 So. 559.

See: Mullinax v. Hufham, 269 Ala. 435, 113 So.2d 671; and Adams v. Lanier, ante 321, 216 So.2d 713, December 12, 1968.

 In the case at bar, the evidence as to value is in conflict. The evidence does not plainly and palpably support the verdict and the judgment appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and BLOODWORTH, JJ., concur.