274 So.2d 80

**ASSOCIATES CAPITAL CORPORATION**

v.

**BANK OF HUNTSVILLE.**

Civ. 95.

Court of Civil Appeals of Alabama.

Feb. 21, 1973.

Cloud, Berry, Ables, Blanton & Tatum and Dan W. McCoy, Huntsville, for appellant.

Bell, Richardson, Cleary, McLain & Tucker and L. Tennent Lee, III, Huntsville, for appellee.

**WRIGHT, Presiding Judge.**

Statutory detinue was filed by Bank of Huntsville, appellee here, against Associates Capital Corporation, appellant, for recovery of a 1967 BSA Motorcycle. Within the time provided by statute, appellee filed Replevy Bond and received possession from the sheriff.

Appellant filed plea of the general issue and three other pleas. Plea 2 claimed superior title because of a perfected security interest with priority over the plaintiff. Plea 3 claimed superior title because of a perfected purchase money security interest with priority over the plaintiff. Plea 4 was in recoupment for damages for conversion. To Pleas 2, 3 and 4, plaintiff filed replication alleging a superior title arising out of a security interest perfected prior to that of defendant. Issue was joined on the replication. Trial before a jury followed. Verdict and judgment for the property sued for was entered and defendant, Associates, appeals.

■ Eight of the 23 assignments of error are presented in brief, some of which are argued in bulk. Those not argued in brief are considered waived. Supreme Court Rule 9. Those errors argued are directed at rulings of the court on admission of evidence, refusal of requested charges, and the answer given by the court to a juror's question after deliberation had begun.

Briefly, the tendency of the evidence was that one Marple was the owner of the motorcycle in question. He had borrowed money from the Bank of Huntsville on a note in 1968 and had executed a security agreement for a 1967 BSA motorcycle. A financing statement was filed thereon by the bank, said instrument being on a usual form, signed by Marple and by B. J. Gray. The financing statement was filed in the probate office of Madison County, Alabama, on May 23, 1968. On May 25, 1968, Marple sold the motorcycle to George Apostolas who executed a security agreement thereon to Associates. A financing statement was filed by Associates on May 28, 1968.

Appellant's assignment of error 10 charges error in the allowing into evidence of plaintiff's Exhibits 1 and 2. Plaintiff's Exhibits 1 and 2 are the same instrument, the financing statement filed by appellee in the probate office. Exhibit 1 is the copy retained by the bank. Exhibit 2 is a photostat of the original, properly certified by the Judge of Probate.

At the time of the offer of plaintiff's Exhibits 1 and 2, appellant objected to their admission on several grounds. The grounds assigned covered two pages in the transcript and were, First a sufficient address of the debtor is not shown; Second, the identification of the property attempts to show an identifying number and that

number is inconsistent with the number of the property sued for; Third, the financing statement is not signed by the secured party, but is signed by B. J. Gray without indication of a representative capacity for the Bank of Huntsville; Fourth, it is not admissible prior to proof of a security agreement.

The argument in brief does not pertain to any of the grounds assigned, but consists of one paragraph contending that the exhibits were inadmissible because the description of the property thereon is insufficient as a matter of law for the purpose of notice required by § 9–402(1) and § 9–110 of the Uniform Commercial Code. No case citation is given in support of this statement.

▬▬ Argument in brief cannot present as basis for reversal a ground of objection to the introduction of evidence not presented to the trial court. If specific grounds of objection are made to the introduction of evidence, all other grounds are waived. Mahone v. B'ham Electric Co. 261 Ala. 132, 73 So.2d 378; Granberry v. Gilbert, 276 Ala. 486, 163 So.2d 641.

▬▬ However, we deem the description of the collateral in plaintiff's financing statement sufficient under the purpose of the Commercial Code. Section 9–402 requires the financing statement to contain a "statement indicating the types, or describing the item, of collateral." Section 9–203, which applies to the security agreement, not the instrument involved in the present assignment of error, requires a "description of the collateral." Section 9–110 states "For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described."

▬▬ The purpose of filing the financing statement is notice to any third party. The requirement of the description of the collateral is not for the purpose of informing such third party that the exact item which he is considering taking as security

is already subject to a prior security interest, without further inquiry, though such could be the result of a full and complete serial number description. The requirement of "a description that reasonably identifies" is satisfied if it reasonably informs third parties that a certain identifiable item, in this case a 1967 BSA motorcycle, belonging to or in the possession of a debtor may be subject to a prior security interest and that further inquiry is necessary to determine if it is the same motorcycle being offered them as collateral. Such is known as "notice filing." It merely places other parties on notice that there is need for investigation before taking as security for a loan items of the same type belonging to the debtor or which he intends to purchase. Still Associates, Inc. v. Murphy, Mass., 267 N.E.2d 217, and cases cited therein. That there are certain conditions under the Uniform Commercial Code where no filing at all is required to have a prior security interest need not be discussed here. Section 9–302(1)(d), and Section 9–302(3)(b).

▬▬ Appellant next presents assignments 11, 12 and 13 in bulk. The matter complained of is that certain testimony relating to business records and transactions between the bank and Marple was allowed in evidence over objection of the appellant contrary to the best evidence rule.

The matter referred to in these assignments occurred when the appellee sought to explain the appearance of the numbers R–4239 on the security agreement, the financing statement and the note. This number was shown not to have been on the instruments at the time of their execution, but was placed there at a later time while the records were in the possession of the bank. An employee of the bank, shown to be familiar with the bank's records was being questioned by appellee as to the meaning of this number and where it originated and was testifying from records of the bank. Such testimony was objected to as being in violation of the best evidence rule and the court overruled the objection.

The subsequent testimony from the bank's liability ledgers was that the note executed on March 8, 1968 by Marple was a renewal of a note made by Marple on December 10, 1967, which latter note was numbered 4239. The number R–4239 which was entered upon the financing statement was the bank's method of indicating that there had been a renewal of note #4239.

We do not consider the allowance of such testimony to be subject to the objection of being contrary to the best evidence rule. The records or writings from which the witness was testifying, nor their contents, were not directly in issue in the case, but were being used to account for the appearance of certain figures in another writing in evidence. They were collateral to the primary issues of the case. The contents of a writing not directly in issue in the case may be proved by parol evidence without accounting for the failure to produce the writing. Waters v. W. O. Wood Realty Co., 260 Ala. 527, 71 So.2d 1; Parker v. Muse, 47 Ala.App. 84, 250 So.2d 688.

■ Assignments 21 and 22 are argued together. Assignment 21 is that "The court erred in its treatment of the question posed to it by a juror regarding an issue in the case." Such assignment of error is insufficient. It fails to present a ruling of the trial court for our review. Tyson v. U. S. Pipe, 286 Ala. 425, 240 So.2d 674; Rule 1, Supreme Court Rules.

■ Assignment 22 complains of the refusal of the court to allow appellant to submit additional written charges after the jury had retired. Such refusal cannot be made the basis of error on appeal. Watts v. Combs, 244 Ala. 31, 12 So.2d 189.

■ Assignment of error 23 is a blanket charge that the "court erred in refusing all of the written charges requested by the defendant which were refused."

There is no argument in brief as to any particular charge requested by defendant having been wrongfully refused. There is no reference in argument to any charges refused other than 15, 16, 17, 18, 21 and 22. Some of these charges are not related to the same issues. There were 10 other charges requested by appellee which were refused by the court. These included the affirmative charge, with and without hypothesis. Such charges were properly refused as the case was due to be submitted to the jury.

Assignment 23 is insufficient to require our consideration at all. Suddeth v. Central of Ga. Ry. Co., 201 Ala. 56, 77 So. 350. Even if worthy of consideration, such an assignment must fall if any one of the charges was properly refused. Lusk v. Wade, 259 Ala. 555, 67 So.2d 805; Hovis v. Yarbrough, 281 Ala. 229, 201 So.2d 101. The affirmative charges being properly refused, there is no error charged in this assignment. City of Montgomery v. Moon, 208 Ala. 472, 94 So. 337.

Having considered all assignments of error and finding none of them well taken, the judgment of the trial court must be affirmed.

We observe here that the trial counsel for appellant Honorable Joe M. Berry, did not prepare the Assignments of Error nor the written brief in this cause.

Affirmed.

BRADLEY and HOLMES, JJ., concur.

## MOTION TO STRIKE AMENDED ASSIGNMENTS OF ERROR

■ Appellee has moved to strike amended assignments of error. This Court allowed, upon motion made at oral argument prior to submission, appellant to amend its assignments of error by adding thereto the pages of the transcript on which rulings complained of were to be found. It is proper to grant such motion to amend made or filed prior to submission. State v. Smith, 283 Ala. 454, 218 So.2d 266.

Appellee's motion to strike is denied.