This is a U.C.C. Article 9 case requiring judicial interpretation of the filing requirements contained in § 7-9-403, Code of Alabama 1975. *Page 471 
Preuit and Mauldin (hereinafter Mechanic) was the plaintiff below in a suit seeking enforcement of a mechanic's lien against Samuel Jones, Jr., defendant below, for work done on an International Harvester 416 Diesel Cotton Picker. Suit was filed pursuant to § 35-11-111, Code of Alabama 1975, seeking $7,310.82 for repairs on the cotton picker. The Mechanic joined the Citizens Bank (hereinafter Bank) as an involuntary plaintiff in the action because of its alleged interest in the cotton picker. A default judgment was entered against Samuel Jones for failure to answer and a hearing was had to determine the respective interests of the plaintiff and involuntary plaintiff.
On December 16, 1980, Jones had borrowed $8,500 from the Bank to buy the cotton picker. Wayne Anderton, vice president of the Bank, made the loan to Jones and executed a security agreement. A financing statement listing an indebtedness of $8,500 was signed by Jones and Anderton and filed in January of 1981. Both the security agreement and the financing statement described the collateral as a "1975 International Cotton Picker, 2-Row Diesel, Ser. # 161587." The security agreement was for a ninety-day term, expiring March 19, 1981. The financing statement contained no maturity date.
The original note was not paid and a renewal note was executed April 30, 1981, for $9,152.87, the amount of the original indebtedness plus interest. The renewal note listed the cotton picker as security and made reference to the original financing statement. No new financing statement was filed.
The renewal note matured on December 5, 1981, unpaid, and on April 2, 1982, a second renewal note was executed. The second renewal note listed an indebtedness of $19,989.90, and described the same cotton picker, as in the two previous notes, as collateral, together with descriptions of other collateral. The second renewal note expires December 15, 1982.
The complaint to enforce the mechanic's lien was filed February 16, 1982 — after the expiration of the first renewal note and before the execution of the second. An order for attachment of the cotton picker was obtained. The complaint described the cotton picker as an "International Harvester 416 Diesel Cotton Picker Serial Number CH 886K."
Obviously, the serial number listed on the Mechanic's complaint is not the same as that listed on the security agreements and financing statement executed by the Bank. However, Anderton and Jones both testified that the cotton picker listed on those security agreements was the same as that attached by the sheriff pursuant to the attachment proceedings initiated by the Mechanic. Jones further testified that he owned four other cotton pickers.
Following a brief hearing the court announced from the bench that the Bank's security interest was defective and that the Mechanic's lien was entitled to priority in the subject collateral. The Bank requested a finding of fact which was refused. The final order was entered July 2, 1982. This appeal followed.
A statutory mechanic's lien under § 35-11-110, Code 1975, is subordinate to a prior perfected security interest unless the contribution of labor or material was authorized by the secured party. Bryce Hospital Credit Union, Inc. v. Warrior Dodge,Inc., 50 Ala. App. 15, 276 So.2d 602 (1973). Thus, if the Bank had a perfected security interest at the time of the filing of the Mechanic's complaint, it is superior to the mechanic's lien.
The first issue raised on appeal is whether the financing statement as filed by the Bank, containing an incorrect serial number, sufficiently describes the collateral as required by § 7-9-402, Code 1975. Section 7-9-402 (5) provides: "A financial statement substantially complying with the requirements of this section is effective even though it contains minor errors which are not seriously misleading." The question raised here is whether an incorrect recitation of a serial number is seriously misleading. We answered that question in Associates *Page 472 Capital Corp. v. Bank of Huntsville, 49 Ala. App. 523,274 So.2d 80 (1973). In that case a 1967 BSA motorcycle was involved as collateral for a note executed by the bank. The serial number of the motorcycle was incorrectly recited on the financing statement. We held that the description of the collateral was nevertheless sufficient.
According to § 7-9-110, Code 1975: "For the purposes of this article any description of personal property or real estate is sufficient whether or not it is specific if it reasonably identifies what is described." In Associates Capital Corp,supra, this court held.
 "The requirement of the description of the collateral is not for the purpose of informing [any] third party that the exact item which he is considering taking as security is already subject to a prior security interest, without further inquiry, though such could be the result of a full and complete serial number description. The requirement of `a description that reasonably identifies' is satisfied if it reasonably informs third parties that a certain identifiable item . . . belonging to or in the possession of a debtor may be subject to a prior security interest and that further inquiry is necessary. . . . Such is known as `notice filing.'"
49 Ala. App. at 526, 274 So.2d 80. In the absence of a showing of actual prejudice as a result of the erroneous serial number, such a mistake will not invalidate the financing statement.Still Associates, Inc. v. Murphy, 358 Mass. 760, 267 N.E.2d 217
(1971).
The final issue raised on appeal is whether a new financing statement must be filed each time a note is renewed where the original financing statement bears no maturity date and where the underlying obligation remains unpaid. Section 7-9-403, of the Code provides that a financing statement containing no maturity date is effective for five years from the date of the filing. The maturity date referred to in the statute is that of the underlying obligation, not of the consumer note. It is uncontradicted that five years have not passed from the date of the filing and that the underlying obligation remains unpaid.
The present fact situation is specifically addressed in 4 Anderson, Uniform Commercial Code § 9-403:7 (2d ed. 1971): "Where the financing statement does not specify any maturity date it continues effective even though in the meantime the original note has been paid off and a renewal note executed in its place." The original obligation in the present case remained unpaid; no new obligation was created by the renewal. The "notice filing" requirement of § 7-9-402, Code 1975, was accomplished by the filing of the original financing statement, and no new filing was required because of the renewal. In reCantrill Construction Co., 418 F.2d 705 (6th Cir. 1969); Seealso § 7-9-402, Code 1975, official comment 2.
The judgment of the trial court is due to be reversed and judgment herein is rendered in favor of Citizens Bank in accordance with § 12-22-70, Code 1975.
REVERSED AND RENDERED.
BRADLEY and HOLMES, JJ., concur.