**In re Marilyn L. SLOVAK, Debtor.**

No. 12–47074.

United States Bankruptcy Court,
D. Minnesota.

March 19, 2013.

Stephen J. Beseres, Stephen Beseres
Law Office, New Hope, MN, for Debtor,

US Trustee and Jasmine Z. Keller, Trustee.

## AMENDED MEMORANDUM AND OPINION

KATHLEEN H. SANBERG, Bankruptcy Judge.

This motion came on for hearing on March 13, 2013. Marilyn L. Slovak (the "Debtor") asks the court to determine that the second mortgage held by TCF National Bank (the "Creditor") is unsecured in its entirety pursuant to 11 U.S.C. § 506 and strip the second lien from the property. There were no objections.

Stephen J. Beseres appeared on behalf of the Debtor. Thomas E. Johnson appeared on behalf of Jasmine Z. Keller, the Chapter 13 Trustee.

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 151, 157(a)–(b)(1), 1334(a)–(b) and Local Rule 1070–1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

For the reasons stated below, the court finds that the evidence presented is insufficient to prove that the second mortgage is unsecured in its entirety and denies the Debtor's motion.

## BACKGROUND

The Debtor filed for Chapter 13 protection on December 19, 2012. In the Debtor's petition, she lists ownership of real property with the legal description of:

Lot 18, Block 4, John Ryden Second Addition, County of Hennepin, State of Minnesota.

On Schedule A, the Debtor lists the value of the property as $95,413.00.

The property is secured by two mortgages both held by the Creditor. The Creditor's first mortgage was filed on February 2, 2009. The Creditor's second mortgage was filed on September 28, 2006. (The second mortgage has been subordinated to the first mortgage by a subordination agreement dated January 23, 2009). The Creditor filed two proofs of claims in connection with its first and second mortgages on the property. When the case was filed, according to the proofs of claims, the balances for the first and second mortgages were $116,913.51 and $14,776.76, respectively. The Creditor listed both claims as secured claims.

The Debtor's mother owns a life estate interest in the property and the Debtor holds the remainder interest. The Debtor's mother is 100 years old and resides in a nursing home. The Debtor currently lives on the property.

At the hearing, the Debtor alleged that the Creditor withdrew any objection to the Debtor's motion. However, no objection was filed with the court in this case.

## BURDEN OF PROOF

Under 11 U.S.C. § 506(a), the debtor holds the evidentiary burden to establish that a creditor's lien is wholly unsecured in order to strip the lien.[1]

The court turns to the Debtor's proof of valuation.

## DETERMINATION OF SECURED STATUS

The Debtor argues that the second mortgage held by the Creditor should be considered unsecured under 11 U.S.C. § 506(a) because the value of the property is less than the balance of the first mortgage. On Schedule A, the Debtor lists the

---

1. *Mahmud v. JTH Investment Group, LLC (In re Mahmud)*, No. 08–0175, 2008 WL 8099115, *4 (Bankr.E.D.Pa. Dec. 4, 2008); *In re Young*, 390 B.R. 480, 486 (Bankr.D.Me.2008); *In re Shropshire*, 284 B.R. 145, 149 (Bankr. N.D.Ala.2002); *In re Finnegan*, 358 B.R. 644, 649–50 (Bankr.M.D.Pa.2006); *In re Brown*, 244 B.R. 603, 609 (Bankr.W.D.Va.2000).

market value of the property as $95,413.00. The Debtor bases this value on her own opinion, internet searches, and a Hennepin County tax-assessment.

Under Minnesota law, the Debtor has a right to give her opinion as to the value of the property.[2] However, it is up to the court to determine how much weight to give the Debtor's opinion. Here, the Debtor states in an affidavit that she based her valuation opinion on the increase in crime in the neighborhood, the year-old sale of a home across the street, and the foreclosure of several neighboring homes. The Debtor did not testify at the hearing and did not provide any information about the quality, physical characteristics, age, or condition of the property itself.

The evidence of the value presented in the motion papers includes two internet searches for home values in the Debtor's neighborhood: Trulia and Yahoo! Homes, which included estimates from Zillow and Appraisal.com. Both of these Internet searches show value estimations between $100,000.00 and $117,247.00, which exceed the Debtor's current value estima-

tion of $95,413.00. Internet searches are insufficient evidence of property value because they are at best questionable and at worst evidence of nothing.[3] The court finds that the internet searches fail to prove the value of the property.

The Debtor additionally includes her Hennepin County tax assessment with her motion. The Debtor notes that the tax assessment listed the "2013 Estimated Market Value" for the property as $108,200.00.[4] The difference between the balance of the first mortgage and the 2013 Estimated Market Value is approximately 7.5%. Generally, the assessed value of a property for tax purposes is not considered direct evidence of a property's market value.[5] In similar property valuation cases, courts have rejected the estimated market value found in tax assessments, requiring further information about the calculation of the assessed value and additional supporting and reliable evidence of the value of the property.[6] Here, no such evidence was presented. Due to the lack of supporting and reliable evidence and the relatively small difference between the

---

2. *Klapmeier v. Telecheck Intern., Inc.*, 482 F.2d 247, 253 (8th Cir.1973); *Lehman v. Hansord Pontiac Co.*, 246 Minn. 1, 74 N.W.2d 305, 309 (1955).

3. *In re Darosa*, 442 B.R. 173, 177 (Bankr. D.Mass.2010) (finding internet valuations unreliable, especially websites such as Zillow, which allow any internet user to enter information that would change the value of property); *Gray v. Bank of Am., N.A. (In re Gray)*, No. 09–14445, 2010 WL 276179, at *3 (Bankr.E.D.Va. Jan. 15, 2010) (holding that internet valuations have limited utility because the internet company did not individually appraise the property and the court has no way of knowing how the valuation was calculated).

4. For taxes payable in 2013, the assessed value is established as of January 2, 2012. Because the Debtor filed her petition on December 19, 2012, this would correspond to the January 2, 2012 assessed value.

5. *EOP–Nicollet Mall, L.L.C. v. County of Hennepin*, 723 N.W.2d 270, 283 (Minn.2006) ("[T]he assessed value of property for tax purposes is not relevant to the question of that same property's market value"); *Smalkoski v. County of Hennepin*, No. 27–CV–09–02798, 2010 WL 4868006, at *3 (Minn.Tax Ct. Nov. 17, 2010) (placing no weight on the tax assessed values); C.C. Marvel, Annotation, *Valuation for Taxation Purposes as Admissible to Show Value for Other Purposes*, 39 A.L.R.2d 209, § 4(a) (citing recent cases and noting that "[i]t is the overwhelming weight of authority that assessed value is not competent direct evidence of value for purposes other than taxation.").

6. *In re McCarron*, 242 B.R. 479, 482 (Bankr. W.D.Mo.2000) (rejecting the tax assessed value because the assessor did not examine the house and was unaware of the condition of the home); *In re Darosa*, 442 B.R. at 176 (finding the tax assessed value unreliable and

mortgage balance and the tax assessed value, the court will not accept the 2013 Estimated Market Value as sufficient evidence to establish the value of the property.

 A court's determination that a lien is not secured under Section 506(a) allows a debtor to strip that lien from the property. This is a dramatic remedy that has direct consequences to both the now-determined unsecured creditor and the other unsecured creditors. Here, the court finds that the Debtor is not entitled to strip the lien because the Debtor failed to meet her burden and provide sufficient, reliable evidence establishing the value of the property or that the Creditor is wholly unsecured.[7]

Due to the court's ruling above, the court will not address the Debtor's arguments concerning whether or not the Debtor's avoidance of the second mortgage would also void the junior lien on the mother's life estate interest.

## DUE PROCESS CONCERNS

Courts have long been concerned about due process when determining the status of a secured claim.[8] Here, the address for the property listed on the notice of motion and the Debtor's motion cover sheet is incorrect. While the proper address is found within the motion papers and the Debtor alleges that the Creditor withdrew its objection to the motion,[9] it is unclear if the Creditor received proper notice. As the court is denying the motion based on other grounds, the court does not reach a conclusion as to whether or not due process was satisfied, but the court notes its concern.

## CONCLUSION

The Debtor's motion to determine value of the property is denied pursuant to 11 U.S.C. § 506(a) based on the Debtor's failure to provide sufficient evidence of the value of the property.

IT IS ORDERED:

The Debtor's motion to determine value of property is denied.

requiring further information about the methodology and timeliness of the tax assessor's valuation); *see also In re Gray,* 2010 WL 276179, at *3 (holding that tax assessments are not determinative evidence of value unless additional analysis is included with the assessment in a relief from stay motion).

7. The Trustee noted at the hearing that the Creditor's proofs of claims list the same value for the property as the Debtor's Schedule A: $95,413.00. Valuations and estimations in bankruptcy are done for different purposes and at different times, so the court is not bound by a previous value determination. *In re Ahlers,* 794 F.2d 388, 398 (8th Cir.1986) (finding that an initial valuation for a relief from stay was not res judicata for the purposes of determining the value of a property), *rev'd on other grounds,* 485 U.S. 197, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); *In re Bab-*

*cock & Wilcox Co.,* 274 B.R. 230, 262 (Bankr. E.D.La.2002) ("The court again emphasizes that valuations and estimations in bankruptcy are done for different reasons, as of different times, and may be used for different purposes"). Thus, the court does not consider the Creditor's proofs of claims as direct evidence of value because the purpose of a property valuation under Section 506(a) is different from the Creditor's purpose in filing the proofs of claims. It is ultimately the Debtor's burden to prove the value of the property.

8. *See generally In re Linkous,* 990 F.2d 160, 162–63 (4th Cir.1993); *Wright v. Commercial Credit Corp. (In re Wright),* 178 B.R. 703, 705–06 (Bankr.E.D.Va.1995); *In re Bennett,* 466 B.R. 422, 432–34 (Bankr.S.D.Ohio 2012).

9. There is no record of any objection filed by the Creditor in this case.