MOORE, Judge.
Rickey Smelser appeals from a judgment of the Colbert Circuit Court (“the trial court”) awarding L & H Truck Services, LLC, $20,228.75 for certain mechanical work performed by L & H. We reverse.

Background

L & H is a limited-liability company that is solely owned and managed by Charlie Hummel and that is in the business of repairing “eighteen wheelers.” Between January 2011 and April 2012, L & H performed mechanical and repair work on different vehicles and sent invoices for that work totaling $22,100.27 to Smelser. Those invoices were not paid. L & H filed a complaint against Smelser “individually and d/b/a R & D Trucking, LLC,” on September 13, 2012, and it later amended that complaint to add David Ashmore as a defendant. The complaint, as amended, alleged that Smelser and Ashmore owed L & H $22,100.27 on an open account, for work and labor done, for account stated, and to prevent unjust enrichment. After a trial, the trial court entered a judgment against Smelser, R & D Trucking, LLC, and Ashmore, jointly and severally, for $20,228.75. Smelser filed a postjudgment motion to alter, amend, or vacate the judgment or, in the alternative, for a new trial, which the trial court denied on November 5, 2013. Smelser appeals.

Issues

On appeal, Smelser argues that the trial court incorrectly applied the law exempting a member of a limited-liability company from the debts of that company and that L & H did not present sufficient evidence to support a judgment against Smelser in his individual capacity.

*695
Analysis

Alabama Code 1975, § 10A-5-3.02, provides:
“(a) Except as otherwise provided in this chapter, a member of a limited liability company is not liable under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise, or for the acts or omissions of any other member, manager, agent, or employee of the limited liability company.
“(b) A member may-be liable to creditors of the limited liability company for a written agreement to make a contribution to the limited liability company.
“(c) A member of a limited liability company may become liable by reason of the member’s own acts or conduct.”
According to the language of the above-quoted statute, as a general rule, a member of a limited-liability company cannot be held liable for the debts of the limited-liability company under any legal or equitable theory; however, as an exception to that rule, a member may be held liable individually based on the member’s own acts or conduct.
In this case, the judgment is based on a debt resulting from multiple invoices issued by L & H to Smelser from January 2011 through April 2012. Those invoices related to mechanical and repair work performed on various vehicles owned by “David Ashmore d/b/a R & D Trucking!, LLC,]” or by “David Ashmore d/b/a D & R Trucking, LLC.” Smelser was a founding and managing member of both R & D Trucking, LLC, and D & R Trucking, LLC (“the limited-liability companies”), which were organized under Aabama law in 2009.
Hummel testified that L & H had done business with Smelser through four different limited-liability companies over a seven- or eight-year period. Smelser testified that, after informing Hummel of the assorted business entities, Hummel informed Smelser that it would be more convenient for L & H to send the invoices to Smelser for payment. According to Smelser, when he received the invoices, it would be determined which limited-liability company owed the debt and a check would be issued from the account of that company. Mary Lyles, the office manager for L & H, testified that, although there was no agreement as to the course of the dealings between the parties, Smelser would pay the L & H invoices on checks drawn on the accounts of the limited-liability companies, designating on the memo portion of the check the vehicle covered by that payment. Lyles agreed that Smelser had never paid an invoice with a personal check. According to Smelser, whose testimony on this matter was not disputed, no one at L & H had ever questioned receiving payment by a check drawn on the account of one of the limited-liability companies.
Smelser testified that he had not paid the invoices on the vehicles at issue because the limited-liability companies did not have the money. Smelser acknowledged that someone owed L & H for the repair work, but, Smelser said, he had never agreed to personally pay the invoices. In July 2012, Hummel wrote a letter to Ashmore demanding payment; Ashmore responded in a telephone call to Hummel that Smelser was responsible for the debt.
A member of a limited-liability company “is an agent of the limited liability company for the purpose of its business or affairs,” and the member’s “apparently carrying on in the usual way the business or affairs of the limited liability company binds the limited liability company.” Aa. Code 1975, § 10A-5-3.03(a). “An agent acting with actual or apparent authority *696 who enters a contract on behalf of a principal binds the principal but not himself.” Lee v. YES of Russellville, Inc., 784 So.2d 1022, 1027 (Ala.2000). Hummel’s testimony indicating that Smelser had disclosed his relationship with the limited-liability companies and the course of the dealings between the parties establishes that L & H knew and had agreed that Smelser was acting on behalf of the limited-liability companies when he contracted for the repair work upon which the invoices were based. See, e.g., Empire Office Machs., Inc. v. Aspen Trails Assocs., LLC, 374 Mont. 421, 322 P.3d 424 (2014) (when existence of principal limited-liability company was disclosed to machine' lessor through parties’ four years of dealings in which lessor received payments from limited-liability company, member was not individually liable on lease although his signature line on documents did not specify his agency status). Smelser’s agreement to accept the invoices does not alter our conclusion because he clearly received those invoices solely in his capacity as a member or manager of the limited-liability companies for the purpose of facilitating payment of those invoices by the limited-liability companies. See Anderson v. Timberlake, 114 Ala. 377, 22 So. 431 (1897) (mere fact that defendant had directed that accounts be charged to himself held not to be decisive on issue whether defendant intended to be sole debtor when purpose of direction may have been only to separate and distinguish accounts the défendant was creating as agent in individual dealings he was having).
Smelser testified that, on one occasion in 2010, he had agreed to become personally obligated for a debt of one of the limited-liability companies. Furthermore, Smelser testified that he also had agreed to personally pay any debt owing for repair work done on vehicles he individually owned. However, Smelser testified that at no point had he agreed to pay any part of the debt attributable to the vehicles operated by the limited-liability companies. L & H does not dispute that Smelser never affirmatively undertook any personal responsibility for the debt of the limited-liability companies; instead, it points out that Smelser never informed L & H that he would not assume personal liability for the debt. However, the law presumes that an agent of a disclosed principal does not incur personal responsibility absent affirmative evidence indicating otherwise. See generally McGinney v. Jackson, 575 So.2d 1070 (Ala.1991) (law presumes that agent who has disclosed principal does not assume personal obligation; presumption applies when evidence shows that agent did not personally guarantee performance of principal). Under the circumstances of this case, Smel-ser’s '“failure” to inform L & H that he would not be. personally liable for the debt of the limited-liability companies does not imply any positive agreement that he individually owed and would pay the debt. The evidence is undisputed as to the fact that Smelser did not assume a personal obligation to pay the debt owed by the limited-liability companies. Hence, Smel-ser did not commit any “acts or conduct” to incur personal liability for the debt. See Ala.Code 1975, § 10A-5-3.02(c).
In reviewing the evidence, we conclude that the material facts of this case are undisputed. Therefore, our sole task on appeal is to determine whether the trial court correctly applied the law to those undisputed facts, an issue we consider de novo. Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 871 (Ala.1999). In finding Smelser personally liable for the debt of the limited-liability companies, the trial court misapplied the law to the undisputed facts. We, therefore, reverse the judgment of the trial court, and we remand the case for the entry of a judgment consistent with this opinion.
*697 REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.